# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS LUCA, JR., individually and on behalf of all others similarly situated, Plaintiffs, <br><br> vs. <br><br> THE PARADIES SHOPS, LLC d/b/a PARADIES LAGARDÈRE TRAVEL RETAIL, HOJEIJ BRANDED FOODS, LLC, AP UNITED, LLC and HBF APU JV, LLC, <br><br> Defendants. | Case No. 5:20-CV-10763-JEL-RDW <br><br> **AMENDED CLASS ACTION COMPLAINT** <br> **(Jury Trial Demanded)** |

## INTRODUCTION

1. Thomas Luca, Jr. ("Plaintiff"), on behalf of himself and all others similarly situated, asserts claims against The Paradies Shops, LLC d/b/ a Paradies Lagardère, Hojeij Branded Foods LLC, AP United, LLC, and HBF APU JV, LLC (hereinafter "Defendants") for violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

2. FACTA provides in relevant part that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g).

3. Congress enacted FACTA in 2003 to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

President George W. Bush, Remarks at the Signing of the Fair and Accurate Credit Transactions Act (Dec. 4, 2003).

4. The law provided a period of three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

5. Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by printing more than the last five digits of the card number on paper receipts provided at the point of sale to credit card and debit card cardholders transacting business with Defendants. More specifically, Defendants printed the first four digits and the last four digits of the card number on the receipts. This conduct is in direct violation of FACTA.

6. Courts have emphasized the purpose of FACTA. For example, the Ninth Circuit explained. "In fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.' 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)." *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

7. Similarly, the Seventh Circuit noted, "Identity theft is a serious problem, and FACTA is a serious congressional effort to combat it." *Redman v. Radioshack Corp.*, 768 F.3d 622, 626-627, 639 (7th Cir. 2014).

8. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 *et seq*.

9. Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. § 1681n.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

11. Venue is proper in this County pursuant to 28 U.S.C. § 1441(a) because Defendants regularly conduct business in this county and the cause of action arose in this district.

## PARTIES

12. Plaintiff Thomas Luca, Jr., is a resident of the Commonwealth of Pennsylvania.

13. Defendant The Paradies Shops, LLC ("Paradies") is a Georgia limited liability company with its principal place of business in Georgia.

14. Defendant Hojeij Branded Foods ("Hojeij") is a Delaware limited liability company with its principal place of business in Georgia.

15. Defendant AP United, LLC ("AP") is a Michigan limited liability company with its principal place of business in Michigan.

16. Defendant HBF APU JV, LLC ("HBF") is a Michigan limited liability company with its principal place of business in Michigan.

17. Defendant Hojeij is an alter ego of Defendant Paradies, which purchased Hojeij in 2018.[1]

---

[1] https://www.paradieslagardere.com/news/paradies-lagardere-closes-acquisition-leading-airport-restaurateur-hojeij-branded-foods (last visited March 30, 2020)

18. Defendant HBF APU JV, LLC is a joint venture between Hojeij and AP.[2]

19. Defendants own and operate restaurants and convenience stores in airports around the country, including in this district.

20. Together, Defendants own and operate the Gordon Biersch location at which Plaintiff received the receipt printed in violation of FACTA.

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

21. On or about February 1, 2020, Plaintiff Luca made a purchase with his personal credit/debit card at Defendants' Gordon Biersch restaurant in the Detroit International Airport.

22. At the point of sale in Defendants' Detroit, Michigan restaurant, Plaintiff received a paper receipt that displayed the first four and last four digits of Plaintiff's credit/debit card, in violation of FACTA's requirements.

23. Plaintiff has incurred the burden of retaining possession of his receipt from Defendants in order to safeguard his personal credit/debit card information that was displayed by Defendants' violation of FACTA.

24. The displaying of more than five digits of Plaintiff's personal credit/debit card number on the receipt is specifically prohibited by FACTA and is the very harm that Congress sought to prevent by turning such disclosure into an actionable tort.

25. Defendants' violation of FACTA has caused Plaintiff to be at an increased risk of identity theft and payment card fraud, which invades the exact privacy interests of Plaintiff recognized at common law and for which FACTA was intended to guard against.

---

[2] https://michiganchronicle.com/2014/11/10/hbf-apu-awarded-three-food-beverage-packages-at-detroit-metropolitan-wayne-count-airport/ (last visited March 30, 2020); https://visitdetroit.com/profile/ap-united/ (last visited March 30, 2020); https://www.metroairport.com/detroit-metro-airport-restaurants-retail-recognized-excellence (last visited March 30, 2020).

26. Upon information and belief, at the time of Plaintiff's transaction described above, Defendants were routinely presenting receipts to its customers at the point of sale at its stores and restaurants, which receipts displayed more than the last five digits of the customers' credit and/or debit cards, in violation of the requirements of FACTA.

**INDUSTRY KNOWLEDGE REGARDING THE
TRUNCATION OF CREDIT/DEBIT CARD ACCOUNT INFORMATION**

27. In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

28. On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's new account truncation program to protect consumers from identity theft. At the press conference, Mr. Pascarella stated:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether . . . .
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to the groundwork that we began together several years ago.
>
> \* \* \* \*
>
> Visa USA is pleased to be working with Senator Feinstein, and the other senators here today in the fight to protect consumers from identity theft. After all, we share the same goals.

29. On July 9, 2003, L. Richard Fischer presented a written statement to the United States House of Representatives Committee on Financial Services on behalf of Visa USA, Inc.,

supporting the truncation requirements that ultimately became FACTA. Therein, Mr. Fischer stated:

> Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number or the expiration date upon receipts provided to cardholders at the point of sale. . . .

30. Visa USA's agreements with merchants that accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa Merchant Rules manual includes a description of Visa's truncation requirements. For example, the 2006 edition of the Visa Merchant Rules states:

> Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt. After July 1, 2006, the expiration date should not appear at all. Existing POS terminals must comply with these requirements by July 1, 2006 . . . .

31. The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and merchants that accept Visa debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

32. Visa continues to inform merchants of the requirements of FACTA. On July 14, 2010, in its publication titled "Visa Best Practices for Primary Account Number Storage and Truncation," the following is strongly recommended for cardholder receipts:

> "Disguise or suppress all but the last four digits of the PAN, and suppress the full expiration date, on the cardholder's copy of a transaction receipt created at a point of sale (POS) terminal or an ATM (already required for merchants in the U.S., Europe, and CEMEA; Visa will apply this rule across all regions in the near future to provide global consistency)."

6

33. FACTA's requirement that merchants truncate credit and debit card digits and expiration dates was phased in over a three year period. During the three year phase-in period, there was extensive publicity regarding the law's requirements.

34. In May 2007, the Federal Trade Commission published a widely circulated and extensively publicized FTC Business Alert that reiterated the truncation requirements of FACTA.

35. Heartland Payment Systems, Inc. ("Heartland") provides credit and debit card, payroll, and related processing services to restaurant, hotel, and retail merchants throughout the United States, and indicates on its website that it provides services to over 137,000 merchants. In 2003, Heartland broadly disseminated a pamphlet which included the following statement:

> Your credit card terminal is now – or will soon be required by law or the bankcard associations to truncate – or limit – the information that can appear on electronically printed sales receipts.
>
> What that means is that on all cardholder numbers:
>
> ■   The expiration date must be eliminated
>
> ■   All but the last four numbers of the card number must be obscured.

36. In 2006, Heartland broadly disseminated a second pamphlet, which included the following statement:

> **Make every transaction a safe one.**
>
> \*   \*   \*   \*
>
> ■   The cardholder's receipt *should not include* the card's expiration date and *should only include* the last 4 or 5 digits of the card number.

37. Many trade associations apprised their merchant members that FACTA imposed truncation requirements mirroring Visa's truncation requirements. For example, the Virginia Retail Merchants Association reported in its February/March 2005 Newsletter that:

7

> FACTA says receipts for credit and debit card transactions may not include more than the last five digits of the card number or expiration date.

38. In the April 23, 2003 edition of the monthly magazine for the National Association of Convenience Stores ("NACS"), the national trade association for convenience and fuel retailers, an article titled "Visa USA Targets Identity Theft" appeared and included the following language:

> [A]t a press conference held last month with Sen. Dianne Feinstein (D-CA), Visa announced its account truncation security policy. This protects consumers from identity theft by limiting cardholders' information on receipts to the last four digits of their accounts. The policy will also eliminate the card's expiration date from receipts altogether. Feinstein has introduced legislation to combat identity theft.

39. The April 2005 edition of the Food Industry Advisor, the newsletter for the Pennsylvania Food Merchants Association and Pennsylvania Convenience Store Council, published an article regarding the requirements of credit card truncation under FACTA that included the following language:

> [A]ccording to the FACT Act, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. . . . ."

The same article appeared in the April 2005 edition of the NACS monthly magazine.

40. In its Spring 2004 Newsletter, the Connecticut Restaurant Association included an article regarding "Requirements for Credit Card Truncation" that stated:

> [T]here is currently no Connecticut state law, so the two ruling requirements come from VISA and a new Federal Fair Credit Reporting Act signed in December 2003.
>
> Truncation requires that all but the last four digits of the cardholder account number, along with the entire expiration date, be suppressed on the cardholder copy of the transaction receipt generated from all electronic terminals. . . .

41. After the enactment of FACTA, the Wisconsin Restaurant Association issued a "Credit Card Truncation" Alert to its members that stated:

> You may have been hearing about credit card truncation lately. This is what you need to know.
>
> Credit card truncation removes all but the last four (or five) digits of a credit card account number and the expiration date from the sales receipt. For example: A non-truncated receipt would list: Acct. #1234 5678 7654 3210 Exp. 10/05 while a truncated receipt would show: Acct. # **** **** **** 3210 Exp ****.
>
>    \*   \*   \*   \*
>
> The federal Fair and Accurate Credit Transaction Act of 2003, prohibits any person that accepts credit cards or debit cards from printing the expiration date and more than the last five digits of the card number upon any terminal-generated receipt provided to the cardholder at the point of sale . . . .

42. In the January 2005 edition of the Massachusetts Restaurant Association Newsletter, an article appeared apprising Association members that both Visa and MasterCard require truncation of the entire expiration date and all but the last four digits of the cardholder account number.

43. Similar information was disseminated by the Ohio Restaurant Association, the Oklahoma Restaurant Association, and a significant number of other restaurant trade associations and retail merchant trade associations.

44. The International Franchise Association published an article on its website and its publication, Franchise World, in May 2007, titled "Truncation of Card Account Numbers on Electronic Receipts." The article stated:

> One FACTA identity theft-related provision requires the "truncation" of account numbers on electronic credit- and debit-card receipts. Specifically, electronically printed credit- and debit-card receipts provided to consumers shall not include more than the last five digits of the card number or the expiration date. While this provision was enacted in December 2003, it was phased in gradually, by requiring merchants with new electronic card processing machines in use on or after Jan. 1, 2005, to comply by December 2004. Merchants with older machines, those in use prior to Jan. 1, 2005, were given three years from the enactment of these amendments to come into compliance, by Dec. 1, 2006.

45. The International Franchising Association and Franchising World published another article discussing FACTA in August 2007. The article explains FACTA's truncation requirement and recommends that franchise systems use one uniform POS (point of sale) system and require is franchisees to update their POS systems.

46. On June 3, 2008, House Bill HR 4008 (known as the Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, § 3(a), June 3, 2008, 122 Stat. 1566)) (hereafter "Clarification Act"), was signed into law by the President.

47. Specifically, Section 3(a) of the Clarification Act states, in relevant part:

[F]or purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and the date of enactment of this subsection but otherwise complied with the requirements of Section 605(g) for such receipt shall not be in willful noncompliance with Section 605(g) by reason of printing such expiration date on the receipt.

48. Thus, the Clarification Act provided amnesty to those businesses which had been sued for violations of FACTA's prohibition against the printing of expiration dates on receipts between December 4, 2004 and June 3, 2008 (in those instances when the civil action filed against the business was not yet "final"). However, the Clarification Act is inapplicable to any merchant that accepts payment by credit and debit cards and who violates the law by printing expiration dates after June 3, 2008. The Clarification Act is also facially inapplicable to FACTA claims asserting that a merchant printed more than the last five digits of a credit/debit card account number on a receipt provided to a consumer cardholder at the point of sale.

49. The passage of the Clarification Act, however, was championed by the national Chamber of Commerce and added to the extensive publicity regarding the requirements of FACTA.

50. The National Restaurant Association published multiple news releases to its membership concerning FACTA and its Clarification Act, published articles on compliance with FACTA, and held seminars where topics included credit card truncation under FACTA.

51. It is believed and therefore averred that Defendants are members of the National Restaurant Association. Indeed, Paradies' current president, Regynald G. Washington, is a former board member of the National Restaurant Association and recently received a "silver plate" award for his work with Paradies at an association gala.

52. The Georgia Restaurant Association's business to business publication has also written on FACTA, including an article on November 12, 2012 titled "PCI Compliance: Hope on the Horizon," which addressed FACTA's truncation requirements.

53. It is believed and therefore averred that Defendant Paradies is a member of the Georgia Restaurant Association as Paradies' current president, Regynald G. Washington, recently received a lifetime achievement award from the Georgia Restaurant Association.

### DEFENDANT'S KNOWLEDGE OF FACTA'S TRUNCATION REQUIREMENTS

54. Defendants had actual knowledge of FACTA's truncation requirements, or acted recklessly with respect to FACTA's truncation requirements, specifically including the requirement that no more than the last five digits of credit and debit cards be printed on receipts presented to consumers at the point of sale.

55. Upon information and belief, during all times relevant to this Class Action Complaint, Defendants have had agreements with various credit card issuers, including VISA, MasterCard, American Express and others, and those agreements apprised Defendants of their obligation to truncate credit and debit card account numbers and expiration dates.

56. Upon information and belief, prior to the transaction at issue, Defendants received periodic communications from credit card issuers and/or their merchant bank(s) advising Defendants of their obligation to truncate credit and debit card account numbers and expiration dates.

57. Upon information and belief, prior to the transaction at issue, Defendants received monthly statements from its merchant bank(s) (or other similar entity that performed credit and debit card payment clearing services for Defendants) that apprised Defendants of their obligation to truncate credit and debit card account numbers and expiration dates.

58. Upon information and belief, prior to the transaction at issue, Defendants received written information from its POS provider apprising Defendants of their obligation to truncate credit and debit card account numbers and expiration dates.

59. Upon information and belief, prior to the transaction at issue, Defendants received information from trade associations and/or other similar entities apprising Defendants of their obligation to truncate credit and debit card account numbers and expiration dates.

60. Indeed, Defendants are well aware of the truncation requirements because Defendant Paradies has been sued before for violating FACTA.

61. In March 2007, Paradies was sued for printing more than the last five digits of credit and debit card numbers on receipts, in violation of FACTA. *Klingensmith v. The Paradies Shops, Inc.*, Case No. 1:07-cv-01677 (N.D. Ga.).

62. The *Klingensmith* Complaint apprised Paradies of the truncation requirements and many of the publications and sources of information for compliance with FACTA that are cited above.

63. Further, Paradies was sued on August 1, 2014, for violating the Fair Credit Reporting Act (FCRA), which encompasses FACTA. *See Mikel Jones v. The Paradies Shops, LLC*, Case No. 1:14-cv-5921 (N.D. Ill.).

64. Despite their knowledge of FACTA and its truncation requirements, Defendants violated the requirements of FACTA by issuing Plaintiff and the putative class members receipts that displayed more than the last 5 digits of their payment card numbers.

## **CLASS ALLEGATIONS**

65. Plaintiff brings this class action on behalf of himself and as a class action, and seeks to represent the following class:

> All persons who, within the applicable statute of limitations, received a receipt at the point of sale or transaction, where the receipt displayed more than the last five digits of the person's credit card or debit card number.

66. Excluded from the class are any individuals who have suffered identity theft as a result of Defendants' violations of FACTA as delineated in this Complaint.

67. <u>Numerosity:</u>  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

68. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to, the sales and transaction records that Defendants have access to and/or owns.

69. <u>Commonality and Predominance:</u>  There is a well-defined community of interest and are common questions of fact and law affecting members of the class. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

   a. Whether Defendants' conduct of providing Plaintiff and the members of the class with a sales or transaction receipt whereupon more than the last five digits of the credit card or debit card was printed violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

   b. Whether Defendants' conduct was willful; and

   c. Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct.

70. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

71. Plaintiff and members of the class were each customers of Defendants, each having made a purchase or transacted other business at an applicable time using a credit card and/or debit card.  At the point of such sale or transaction with Plaintiff and members of the class, Plaintiff and each member of the class were provided a receipt in violation of 15 U.S.C. § 1681c(g).

72. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  In addition, Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

73. <u>Manageability:</u>  The claims of Plaintiff and the class members are substantially identical as explained above. While the aggregate damages that may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the

class are relatively small.  As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Certifying the case as a class will centralize these substantially identical claims in a single proceeding, which is the most manageable litigation method available to Plaintiff and the class and will conserve the resources of the parties and the court system, while protecting the rights of each member of the class.

74. <u>The General Applicability of Defendants' Conduct</u>: Defendants' uniform conduct is generally applicable to the class as a whole, making relief appropriate with respect to each class member.

**FIRST CAUSE OF ACTION**
**For Violation of 15 U.S.C. §§ 1681 *et seq*.**
**(On Behalf of Plaintiff and the Members of the Class)**

75. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein.

76. Plaintiff asserts this claim on behalf of himself and the putative class against Defendants.

77. Title 15 U.S.C. § 1681c(g)(1) provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

78. Defendants, or their agents, is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.  15 U.S.C. § 1681c(g)(1).

79. Defendants, or their agents, transacts business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the class.

80. In transacting such business, Defendants use a POS system that prints receipts for credit card and/or debit card transactions.

81. At the point of sale with Plaintiff, Defendants or their agent provided a receipt upon which Defendants printed the first four and last four digits of Plaintiff's credit/debit card.

82. At the point of a sale or transaction with each class member, Defendants or their agent provided each class member with one or more receipts upon which Defendants printed, for each respective class member, more than the last five digits of such class member's credit card or debit card number.

83. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

84. Defendants knew of, or should have known of, FACTA's requirements concerning the truncation of credit and debit card numbers and the prohibition on printing expiration dates.

85. Despite pervasive knowledge in the retail and restaurant industries about FACTA and the importance of truncating credit card and debit card numbers, despite having been sued in the past for violating FACTA, and despite having had many years to comply with FACTA's requirements, Defendants willfully violated FACTA's requirements by printing, or causing the printing of, more than five digits of the card number upon the receipts provided to Plaintiff and members of the class—persons with whom Defendants transacts business.

86. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA and Defendants should have readily done the same.

87. Defendants willfully violated FACTA and exposed Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud—the exact harm FACTA was intended to guard against.

88. As a result of the willful violations of FACTA, Defendants are liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681n(a)(1)(A).

89. As a result of the willful violations of FACTA, Plaintiff and the members of the class are entitled to recover costs of suit and their reasonable attorneys' fees from Defendants. 15 U.S.C. § 1681n(a)(3).

90. As a result of the willful violations of FACTA, Plaintiff and the members of the class are entitled to recover punitive damages from Defendants. 15 U.S.C. § 1681n(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, pray for:

a. An order certifying the class, appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An order declaring Defendants' conduct described herein unlawful and enjoining the conduct;

c. An award to Plaintiff and the members of the class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations;

d. An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

f. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

g. For other and further relief as the Court may deem proper.

Date: March 30, 2020                  Respectfully submitted,

/s/ *Gary F. Lynch*
**CARLSON LYNCH, LLP**
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246

BARBAT MANCOUR & SUCIU PLLC
Nick Suciu III (P72052)
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nicksuciu@bmslawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Gary F. Lynch, hereby certify that on March 30, 2020, I caused a true and correct copy of foregoing *Amended Class Action Complaint* to be filed electronically and served via the Court's ECF system.

By: */s/ Gary F. Lynch*
Gary F. Lynch